**In re VENCOR, INC., et al., Debtor.**

**Nos. 99–3199 (MFW) to 99–3327(MFW).**

United States Bankruptcy Court,
D. Delaware.

Sept. 19, 2002.

William H. Sudell, Eric D. Schwartz, Michael G. Busenkell, Morris Nichols Arsht & Tunnell, LLP, Wilmington, DE, Thomas J. Maloney, Lindsee P. Granfield, Cleary Gottlieb Steen & Hamilton, New York City, for Debtors.

Susan K. Morris, James M. Morris, Morris & Morris, P.S.C., Lexington, KY, for Movants.

James L. Patton, Edward J. Kosmowski, Young Conaway Stargatt & Taylor, LLP, Wilmington, DE, Richard Mancino, Michael J. Kelly, Wilkie Farr & Gallagher, New York City, for Ventas Entities.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

This matter is before the Court on the Rule 60(b) Motion for an Order Setting Aside the Injunctive Relief Granted to the Non–Debtor Ventas filed by several personal injury and other claimants ("the Movants").[2] The Motion is opposed by Vencor, Inc., and several of its affiliates (collectively "the Debtors") and Ventas, Inc. ("Ventas"). The Debtors have also filed a Motion against the Movants' counsel for Sanctions under Rule 9011 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, we deny both Motions.

## I. FACTUAL BACKGROUND

Prior to May, 1998, Ventas operated, *inter alia*, several nursing homes under the name Vencor, Inc. ("Old Vencor"). On May 1, 1998, Old Vencor changed its name to Ventas and spun off its nursing home operations to a newly incorporated entity named Vencor, Inc. ("New Vencor"). Ventas retained ownership of the real estate and became New Vencor's landlord at many of the facilities. As of the spinoff date, there were numerous personal injury and other claims from operation of the nursing homes pending against Old Vencor. As part of the spinoff, New Vencor agreed to assume the defense of those claims and to indemnify Ventas for any liability arising therefrom.

On September 13, 1999, New Vencor and several of its affiliates filed for relief under chapter 11 of the Bankruptcy Code. The Debtors' Fourth Amended Joint Plan of Reorganization was confirmed by order dated March 19, 2001 ("the Confirmation Order"). As part of that Plan, Ventas agreed to contribute $40 million to the funding of a settlement with the United States and agreed to amendments of certain leases which it had with the Debtors, thereby reducing their rental obligations. In exchange, Ventas was given a release of certain claims which creditors of the Debtors might have against it, including a release of the personal injury and other claims arising from the operation of the nursing homes prior to May 1, 1998. (Plan at § 11.02(b).)

On May 25, 2001, after the Plan was confirmed, the Movants filed a class action complaint in the United States District Court for the Western District of Kentucky against Ventas alleging that the release in the Confirmation Order was obtained fraudulently.[3] That action was dismissed on February 1, 2002, by the District Court, which found that the com-

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

2. The Movants are Sally Pratt, Valiza Nystrom, Mark Dayman, Executor of the Estate of Liesel Dayman and Robert L. McCray, personal representative of the estate of Lee Ona Lee purportedly on behalf of themselves and all similarly situated individuals.

3. The Complaint included counts for common law fraud, RICO and bankruptcy fraud.

plaint was an impermissible collateral attack on the Confirmation Order.

Thereafter, on March 19, 2002, the Movants filed the instant Motion which seeks to modify (or vacate) that part of the Confirmation Order which provided a release to Ventas of their claims against it. The Debtors and Ventas have opposed the Motion. In addition, the Debtors have filed a Motion seeking sanctions against counsel for the Movants under Rule 9011 of the Federal Rules of Bankruptcy Procedure.

At the initial hearing held on May 23, 2002, we expressed our concern about certain allegations raised by the Movants that: (1) the Debtors had filed notices of bankruptcy in actions commenced by claimants who had claims only against Ventas, and (2) the Debtors were using the release of Ventas to prevent claimants from asserting any claim against Ventas or the Debtors.[4] We directed the Debtors to provide a report on what position the Debtors were taking with respect to the pre-spinoff claims. A report was filed by the Debtors on June 20, 2002, advising that, since the Debtors had agreed to indemnify and defend Ventas from all pre-spinoff claims, they were not using (and would not use) the release of Ventas as a defense to any such claims. The report further refuted the factual assertions of the Movants that they had improperly filed Notices of Bankruptcy in lawsuits filed solely against Ventas or Old Vencor.[5]

A continued hearing on the Motion was held on June 24, 2002, at which time we heard argument. Supplemental briefs were filed by the parties on July 15 and 22, 2002.[6]

## II. JURISDICTION

This Court has jurisdiction over the Motions, which are core proceedings pursuant to 28 U.S.C. § 1334 and § 157(b)(1), (b)(2)(A), (L), and (O).

## III. DISCUSSION

### A. Rule 60(b) Motion

The Movants seek an Order vacating the Confirmation Order to the extent that it provided a release of any of the personal injury or other claims against Ventas. That Motion is predicated on their allegation that Ventas and the Debtors have committed a fraud on the claimants and the Court. The Debtors and Ventas deny

---

4. That concern was fostered in part by the Nineteenth Omnibus Objection to claims. In that objection, the Debtors had objected to certain personal injury claims asserting that Ventas was the responsible party. At the hearing on that objection held on October 16, 2001, we had raised a concern about whether sustaining the objection would effectively eliminate any recovery for those claimants because of the release of Ventas in the Plan. As a result, the Debtors gave those claimants the option of pursuing their claims in this Court or pursuing Ventas in the state courts where their actions were pending. In either event, the Debtors acknowledged they were liable on the claims as a result of their indemnification agreement with Ventas (subject to the treatment provided for those claims under the Plan).

5. Specifically, the Report advised that in each case referenced by the Movants where Notices of Stay were filed: (1) one or more of the Debtors was, in fact, a named defendant, (2) the Debtors had advised the court and parties that Ventas was the proper party defendant, or (3) the Court had determined that New Vencor was responsible for the claim, because of its assumption of Ventas' liability.

6. We requested supplemental briefing on the issue of whether the complaint filed by the Movants in the District Court in Kentucky could be deemed a timely request to revoke the Confirmation Order under section 1144 of the Bankruptcy Code. Notwithstanding that limitation, the Movants filed a voluminous brief which sought to introduce additional facts and re-argue points already included in their original briefs and Motion.

these allegations. Further, they assert that the Motion is procedurally defective and must be denied as untimely.

### 1. *Timeliness of the Motion*

■ The Motion is filed by the Movants pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Thus, the Movants assert that the Motion is timely since it was filed within one year of the Confirmation Order.

■ The Debtors respond that Rule 60(b) is not available to revoke an order confirming a chapter 11 plan. We agree. The Federal Rules of Civil Procedure are not generally applicable to bankruptcy proceedings except as specifically incorporated by the Federal Rules of Bankruptcy Procedure. While Rule 9024 of the Federal Rules of Bankruptcy Procedure does make Rule 60 applicable to contested matters in bankruptcy cases, it does so subject to certain restrictions. Of particular note is that Rule 9024 expressly requires that any action to revoke a confirmation order under chapter 11 must be filed within the time specified in section 1144.

Section 1144 provides that a party requesting revocation of an order confirming a chapter 11 plan must file its request within 180 days of entry of that order. 11 U.S.C. § 1144. This deadline is strictly enforced. *See, e.g., Dale C. Eckert Corp. v. Orange Tree Assoc., Ltd. (In re Orange Tree Assoc., Ltd.)*, 961 F.2d 1445, 1447 (9th Cir.1992); *In re Longardner & Assoc.*, 855 F.2d 455, 460 (7th Cir.1988); *680 Fifth Ave. Assoc. v. EGI Co. Servs., Inc. (In re 680 Fifth Ave. Assoc.)*, 209 B.R. 314, 322–23 (Bankr.S.D.N.Y.1997).

■ Even if Rule 9024 did not expressly provide that a motion to revoke a confirmation order had to be filed within the time specified in section 1144, such a request would still have to comply with the time limits in that section rather than

those in Rule 60(b). Rules of procedure may not modify substantive law. 28 U.S.C. § 2075. *See, e.g., Branchburg Plaza Assoc., L.P. v. Fesq (In re Fesq)*, 153 F.3d 113, 116–20 (3d Cir.1998); *Pelletier v. Donald (In re Donald)*, 240 B.R. 141, 147 (1st Cir. BAP 1999); *In re Rickel & Assoc.*, 260 B.R. 673, 678 (Bankr.S.D.N.Y. 2001).

In this case, the Movants have not filed their motion within the time required by Rule 9024 or section 1144. The Confirmation Order was entered on March 19, 2001, and the Motion was not filed until March 19, 2002, exactly one year later. Thus, the Motion must be denied as untimely.

### 2. *Kentucky Action*

■ The Movants assert, however, that the action filed by them in the District Court for the Western District of Kentucky should be treated as an action under section 1144. That complaint was filed on May 25, 2001, within the 180 days required by section 1144.

We reject the Movants' assertion, however. Conspicuous by its absence is any reference to section 1144 in the complaint filed by the Movants in the Kentucky District Court. Rather, the complaint simply alleges that Ventas defrauded its creditors by its spin off of New Vencor, by causing New Vencor to file bankruptcy, and by misleading claimants and the courts in which claims were filed against Old Vencor into believing that the claims were against New Vencor and consequently discharged in the bankruptcy case.

Further, the Kentucky action was not even filed against the Debtors; it was filed against Ventas only. As a result, no notice was provided to the Debtors, or to any of their creditors, that the Movants were seeking a revocation of the Confirmation Order. Since the Confirmation Order binds the Debtors and all their creditors to

its terms, notice of a request to revoke that Order had to be given to them. *See* Fed. R. Bankr.P. 2002(f)(6) & 4006. Therefore, we cannot conclude that the Kentucky complaint was a proper, timely request for revocation of the Confirmation Order under section 1144 of the Code.

■ Even if the Kentucky action could be deemed to be one to revoke the Confirmation Order, it does not allow the Movants to prevail here. The Movants argue that an action filed in the wrong forum can be transferred to the correct forum. 28 U.S.C. §§ 1404(a) & 1406(a). Further, they assert that the statute of limitations will be tolled from the filing of the original complaint. *See, e.g., Carteret Sav. Bank, F.A. v. Shushan,* 919 F.2d 225, 228 (3d Cir.1990).

■ By this, it appears that the Movants are arguing that we have the power to transfer venue of the action filed by them in Kentucky to this Court. There are several fallacies with that reasoning. First, there is no case to be transferred; the Kentucky action was dismissed, with prejudice, on February 1, 2002. Second, sections 1404 and 1406 do not permit one court to transfer venue of a case to itself from another court. *See, e.g., Sundstrand Corp. v. American Brake Shoe Co.,* 315 F.2d 273, 276 (7th Cir.1963); *National Equipment Rental, Ltd. v. Fowler,* 287 F.2d 43, 46–47 (2d Cir.1961). If the Movants wanted the Kentucky case to be heard by this Court, it was incumbent on them to ask the Kentucky Court to transfer it here.[7] It is now too late.

The Movants seem to suggest, however, that it was not their burden to seek to transfer venue of the Kentucky case. They argue that their action in Kentucky was filed against Ventas, not the Debtors[8] and that, if Ventas felt that the action was one under section 1144, it was incumbent on Ventas to raise that issue and request that the Kentucky Court transfer venue of the case to this Court. No support for that assertion is given by the Movants and we know of no obligation on the part of Ventas to suggest how the Movants' complaint in Kentucky should have been drafted or where it should have been filed.

Ventas did, at any rate, raise the issue in its Motion to Dismiss the Kentucky action when it asserted that the release given it in the Confirmation Order barred the Movants' lawsuit. In response to that Motion, the Movants did not seek to transfer venue to this Court. As a result, the Kentucky Court granted the Motion to Dismiss and Movants' complaint was dismissed with prejudice.

We conclude, therefore, that the filing of the Kentucky action was not a timely action under section 1144 and, even if it were, that action cannot serve as a predicate for the relief sought by the Movants

---

7. The Debtors argue that, even had the Movants requested transfer of the Kentucky action, it would have been denied. If the Kentucky action were an action under section 1144, the Kentucky Court would have had no jurisdiction to hear it. A Court which lacks subject matter jurisdiction of an action does not have the power to transfer a case under section 1406(a). *See, e.g., Grand Blanc Educ. Ass'n v. Grand Blanc Bd. of Educ.,* 624 F.2d 47, 49 n. 4 (6th Cir.1980); *Atlantic Ship Rigging Co. v. McLellan,* 288 F.2d 589, 591 (3d Cir.1961).

8. Movants also argue in their supplemental brief that this Court does not even have jurisdiction over the Kentucky action because it is an action between two non-debtors. *See, e.g., Feld v. Zale Corp. (In re Zale Corp.),* 62 F.3d 746 (5th Cir.1995); *Pacor, Inc. v. Higgins,* 743 F.2d 984, 996 (3d Cir.1984). This is, of course, inconsistent with their argument that the Kentucky complaint was an action under section 1144 filed within the deadline for bringing such an action.

in this Court because it has been dismissed with prejudice.

### 3. *Modification of the Plan*

■ The Movants assert that they are not seeking revocation of the Confirmation Order and that, therefore, the time deadline in section 1144 is not applicable. They assert that they do not want the entire Plan revoked, only the provision that gave a release to Ventas for their claims which was, they assert, beyond the jurisdiction of this Court to grant.

The Debtors argue in response that such a request is tantamount to a modification of the Plan, which the Movants do not have standing to seek. Under section 1127, only the plan proponent may propose a modification of a plan after confirmation. 11 U.S.C. § 1127(b). *See also Z.A.K. Construction, L.P. v. Port Liberte Partners (In re Port Liberte Partners)*, 1995 WL 11186, at *5 (D.N.J.1995), aff'd, 77 F.3d 463 (3d Cir.1996) (only plan proponent may modify a plan); *In re Planet Hollywood Int'l*, 274 B.R. 391, 400 (Bankr.D.Del.2001) (same). Further, the Debtors argue that the Plan has been substantially consummated thereby precluding modification. *See* 11 U.S.C. § 1127(b).

The Movants do not contest the Debtors' assertions. Instead, they argue that they are not seeking a modification of the Plan and that, therefore, section 1127 is not applicable.

We reject the Movants' argument, however, because striking the releases granted to Ventas in the Plan (which it was given in exchange for its contributions) is a modification of the Plan. *See, e.g., Manges v. Seattle–First Nat'l Bank (In re Manges)*, 29 F.3d 1034, 1043 n. 13 (5th Cir.1994) (declining to "simply strike the offensive portion of the Plan" because confirmed plans cannot be modified without complying with section 1127(b)). Such a change is material and would require that the

entire Plan be revisited. Such a modification may not be requested by anyone other than the plan proponent, the Debtors in this case, and may not be made after the plan has been substantially consummated, as it has been in this case. Therefore, we conclude that the Movants lack standing to seek such a modification under section 1127.

### 4. *Lack of Jurisdiction*

■ The Movants assert that the relief requested in their Motion can nonetheless be granted. They argue that Rule 60(b)(4) permits the modification of the Confirmation Order because it was entered by this Court beyond its jurisdiction and is, therefore, void. *See, e.g., Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir.1992) ("default judgment entered by a court which lacks jurisdiction over the person of the appellee is void and may be set aside at any time pursuant to [Rule] 60(b)(4)"); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 (3d Cir.1984)(bankruptcy jurisdiction is not conferred for the convenience of those not in bankruptcy).

The Debtors and Ventas argue that, even if the Confirmation Order was beyond our jurisdiction, it is not void and cannot now be challenged. They assert that the only proper challenge to such an order is by direct appeal. Since the time to appeal has passed, the Debtors and Ventas argue that the Confirmation Order is a final order and not subject to challenge under Rule 60(b)(4). *See, e.g., Celotex Corp. v. Edwards*, 514 U.S. 300, 313, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (attack on court's jurisdiction to enter order under section 105 must be done at time order is entered and on direct appeal from that order, and may not be done collaterally); *Marshall v. Board of Educ., Bergenfield, N.J.*, 575 F.2d 417, 422 n. 19 (3d Cir.1978) ("A court has the power to

determine its own jurisdiction, and an error in that determination will not render the judgment void....") (*quoting Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645, 649 (1st Cir.1972)).

We need not decide if Rule 60(b)(4) would allow a challenge in this Court of its jurisdiction to enter the Confirmation Order beyond the 180 days mandated by section 1144, because we conclude that the Confirmation Order was not beyond our jurisdiction. The crux of the Movants' jurisdictional argument is that a bankruptcy court may not approve a release to a non-debtor in a plan of reorganization because it goes beyond the relief that section 524(e) provides. For this proposition, they cite the Third Circuit case of *In re Continental Airlines,* 203 F.3d 203 (3d Cir. 2000).

However, that is not the holding in the *Continental* case. *Continental,* 203 F.3d at 214. In fact, while the Third Circuit noted that "the Courts of Appeals for the Ninth and Tenth Circuits have held that non-debtor releases and permanent injunctions are impermissible," it acknowledged that other courts have "adopted a more flexible approach ... [and] upheld plans of reorganization containing releases and permanent injunctions of widespread claims against co-liable parties." *Id.* at 212. Contrary to the suggestion of the Movants, the Third Circuit did not adopt the inflexible rule of the Ninth and Tenth Circuits but expressly stated that it would "not establish our own rule regarding the conditions under which non-debtor releases and permanent injunctions are appropriate or permissible." *Id.* at 213–14. Instead, the Third Circuit concluded in *Continental* that the releases did "not pass muster

under even the most flexible tests for the validity of non-debtor releases" because there was no record to support those releases. *Id.* at 214.

The facts of this case are different from those in *Continental.* Here creditors did have their day in court on the issue of the release afforded to Ventas. The Movants had notice of the bankruptcy and the opportunity to be heard in this case on this issue.[9] In fact, objections were filed by other, similarly situated creditors, to the Ventas release and the issue was addressed at the confirmation hearing. Thus, we conclude that there is no basis for an assertion that this Court lacked jurisdiction to consider and grant the releases contained in the Plan. Therefore, the Movants may not, at this late date, challenge the Confirmation Order.

## B. *Motion for Sanctions*

The Reorganized Debtors have also filed a Motion against counsel for the Movants for sanctions under Rule 9011 of the Federal Rules of Bankruptcy Procedure. Rule 9011(b)(2) states that by filing a pleading, an attorney "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Bankr.P. 9011(b). The Court may "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b)" after they have been given notice and an

9. The Movants' assertion that they had no notice of the bankruptcy is not credible. They admit that some of the claimants they represent had actual notice of the bankruptcy. In fact, their complaint is that the Debtors (wrongfully) filed Notices of Stay advising of the bankruptcy in each of their actions.

opportunity to respond.[10] Fed. R. Bankr.P. 9011(c).

The Debtors argue that, although Rule 9011 sanctions are not to be awarded lightly, they are appropriate here. The Debtors assert that the Motion filed by counsel on behalf of the Movants was clearly frivolous since it failed to cite applicable provisions of the Bankruptcy Code or Rules which preclude the relief sought in the Motion. Specifically, the Debtors note that Movants' counsel did not even refer to sections 1127 and 1144, which state the only means by which a confirmation order may be modified or revoked. The Debtors argue that counsel's silence on these issues establishes that the Motion was neither warranted by existing law nor a nonfrivolous argument for the extension or establishment of new law. The Debtors argue that, though Movants' counsel were not bankruptcy experts, even a superficial review of the Bankruptcy Code would have revealed the applicability of sections 1127 and 1144. Further, the Debtors contend that they advised counsel for the Movants (in letters dated April 2 and 17, 2002) of their position that these sections of the Bankruptcy Code precluded the relief being sought.

The Movants respond by essentially rearguing the merits of the Motion and by asserting that, given the conflict in the circuits over whether third party releases may be granted in the context of a bankruptcy plan, their position was not patently frivolous. They note that they did respond to the Debtors' letter by asserting their position that the sections cited were not applicable since the Movants were not seeking to set aside the Plan based on the Debtors' fraud.

In determining whether a pleading is frivolous, we must apply an objective standard. *See, e.g., Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir. 1987). Good faith is not relevant to such a determination, although it may be considered in fashioning a remedy for a violation of the rule. *See, e.g., Zuk v. Eastern Pa. Psychiatric Inst. of the Medical Coll. of Pa.,* 103 F.3d 294, 300 (3d Cir.1996). An inexperienced attorney is not held to a lesser standard.

Notwithstanding the fact that we have concluded that the Movants' position is without merit, we do not conclude that it was frivolous or interposed for an improper purpose. Significantly, the Motion was not without any citation to authority (or to the Bankruptcy Code specifically); it asserted relief was appropriate under Rule 60 of the Federal Rules of Civil Procedure and section 524 of the Bankruptcy Code.

Further, we note that the Kentucky Court in dismissing that action stated that "its ruling does not prevent Plaintiffs from seeking relief. But ... it remains the responsibility of the Delaware Bankruptcy Court ... to effect any necessary corrections [to the Confirmation Order]." *Pratt v. Ventas, Inc.,* 273 B.R. 108, 116 (W.D.Ky. 2002). Thus, it is possible that the Movants interpreted that decision as providing the basis for presenting their Motion in this Court.

While the Movants' position was ultimately unavailing, they did seek to support it with legal arguments that were not facially frivolous. In fact, briefing on the law in this case has exceeded fifty pages (excluding the extensive recitations of the "facts" by the parties). It was only after two hearings and consideration of all the

10. The appropriate notice and opportunity to respond (or to withdraw the offending plead-

ing) was provided to the Movants' counsel in accordance with Rule 9011(c)(1).

briefs, that it is evident that there is no basis for the Movants' position.

Consequently, we conclude that the Motion for sanctions must be denied.

## IV. CONCLUSION

For the foregoing reasons, we deny both the Motion for an Order Setting Aside the Injunctive Relief Granted to the Non–Debtor Ventas and the Motion for Sanctions filed by the Reorganized Debtors.