NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0269n.06

Case No. 18-1203

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

May 24, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| H.D.V.- GREEKTOWN, LLC; 415 EAST CONGRESS, LLC; K AND P, INCORPORATED, dba Deja vu, dba Zoo Bar, | ) ) ) | |
|  | ) | ON APPEAL FROM THE UNITED |
| Plaintiffs-Appellants, | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| v. | ) | MICHIGAN |
|  | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | |
|  | ) | |
| Defendant-Appellee. | ) | |
|  | ) | |

**BEFORE: STRANCH and DONALD, Circuit Judges.**[*]

**PER CURIAM.** This appeal arises from a 42 U.S.C. § 1983 First Amendment case

brought against the City of Detroit ("City") by business owners in the adult entertainment industry,

H.D.V.- Greektown, LLC; 415 East Congress, LLC; and K and P, Inc. ("Appellants"). After years

of litigation, the parties reached a settlement wherein the district court entered a consent decree

awarding Appellants $2.95 million in damages. As the prevailing parties under 42 U.S.C. § 1988,

Appellants sought over $1.5 million in attorneys' fees and costs. The district court reduced

Appellants requested attorneys' fees and costs by 60% across the board, and declined to grant a

---

[*]The Honorable Damon J. Keith, who participated in oral argument as a member of the original panel, died on April 28, 2019. This order is entered by the quorum of the panel. 28 U.S.C. § 46(d).

fee enhancement. Appellants then appealed. *See H.D.V. - Greektown, LLC v. City of Detroit*, 660 F. App'x 375 (6th Cir. 2016). In that appeal, this court affirmed in part, reversed in part, and remanded the case for recalculation of attorneys' fees and costs.

On remand, Appellants filed a second supplemental motion for attorneys' fees and costs specifically requesting a 1000% fee enhancement due to the City's bankruptcy action, which they argued constituted an "exceptional circumstance" pursuant to *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). The district court declined to grant the fee enhancement. Appellants now timely appeal that decision. For the reasons discussed below, the district court's denial of the fee enhancement is **AFFIRMED**.

## I. BACKGROUND

The facts and lengthy background of this litigation have been described in prior opinions of this court. *See H.D.V. - Greektown, LLC v. City of Detroit*, 660 F. App'x 375, 378–83 (6th Cir. 2016) ("*Greektown II*"); *H.D.V. - Greektown, LLC v. City of Detroit*, 568 F.3d 609, 613–16 (6th Cir. 2009) ("*Greektown I*"). The relevant facts for the purpose of this appeal are as follows.

Appellants brought this First Amendment case against the City for allegedly thwarting the operation of their businesses through various city regulations beginning in 2003. In March 2011, after a series of partial summary judgment motions challenging these regulations, the parties reached a settlement. *See Greektown II*, 660 F. App'x at 379–80. On August 23, 2011, the district court entered a consent decree on behalf of the parties awarding Appellants $2.95 million in damages. Pursuant to the consent decree, the district court would calculate Appellants' attorneys' fees and costs under 42 U.S.C. § 1988. For purposes of determining such fees and costs, the parties stipulated that Appellants were the prevailing party.

On October 4, 2011, Appellants filed their first motion for attorneys' fees and costs requesting over $1.5 million. That total included attorneys' fees and costs for a 2003 action related to this case, attorneys' fees and costs for the pending litigation, and a 10% fee enhancement on the grounds that (i) the Appellants' fees were lower than comparable counsel's fees and (ii) the City had allegedly acted in direct contravention of a stipulated order. On May 23, 2013, the magistrate judge recommended awarding no fees related to the 2003 action, reducing the attorneys' fees and costs for the pending litigation by 60%, denying the fee enhancement request, and limiting the fees recoverable for litigating the attorneys' fees motion to 3% of the overall award.

On August 23, 2013, due to the City filing for bankruptcy, the motion for attorneys' fees and the magistrate's recommendation were automatically stayed pending completion of the bankruptcy action. On November 12, 2014, the City's bankruptcy confirmation plan was issued, which effectively ended the City's bankruptcy action. The confirmation plan provided that Class 14 claimholders—comprised of those with other unsecured claims, including section 1983 claims—would have an estimated percentage recovery of 10–13%. The district court lifted the bankruptcy stay, and on March 31, 2015, it adopted the magistrate judge's recommendation in full, granting in part and denying in part the attorneys' fee motion, and overruling Appellants' objections. Appellants timely appealed.

In *Greektown II*, a prior panel of this court affirmed in part, reversed in part, and remanded to the district court, concluding "that the district court abused its discretion reducing the award for attorneys' fees and costs by 60%" without an adequate explanation. 660 Fed. Appx. at 384–85. Additionally, the panel affirmed denying the fee enhancement and vacated the 3% cap on the fee-petition-related expenses in light of new Sixth Circuit case law—*The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016). *Id*. at 387.

On remand, Appellants filed a second supplemental motion requesting additional attorneys' fees and costs related to their appeal. Appellants also requested a 1000% enhancement to their fees and costs due to the City's bankruptcy status. On September 28, 2017, under advisement of this court's ruling, the magistrate judge recalculated Appellants' attorneys' fees and costs and issued a new Report and Recommendation. The magistrate judge recommended, *inter alia*, that the district court award Appellants $905,718.65, subject to the orders of the bankruptcy court in the City's bankruptcy case, and deny the fee enhancement request.

The magistrate judge recommended denying the fee enhancement request because Appellants failed to prove how the City's bankruptcy was a "rare and exceptional circumstance" justifying such a substantial enhancement under *Perdue*, 559 U.S. at 554. Instead, the magistrate judge found Appellants' request was an attempt to have "this Court modify a final order of the bankruptcy court,"[1] and although Appellants' claims would be subjected to the reduction in the confirmation plan, that was simply "the nature of bankruptcy." Appellants timely objected to the Report and Recommendation, solely on the denial of the fee enhancement request.

On January 25, 2018, the district court overruled the Appellants' objection and adopted, in relevant part, the magistrate judge's Report and Recommendation, awarding Appellants the $905,718.65 fee award and denying the fee enhancement.[2] *See H.D.V.-Greektown, L.L.C. v. City of Detroit*, No. 06-11282, 2018 WL 549529, at *4 (E.D. Mich. Jan. 25, 2018). This timely appeal followed.

---

[1] The magistrate judge also noted that it did not appear that Appellants intervened in the bankruptcy proceedings.

[2] The district court adopted the magistrate judge's recommendation to accept: Appellants' claimed hourly rates as reasonable, Appellants' "fee for fees" award request as reasonable, a reduction of certain fees by 80%, and a 10% reduction of remaining fees. Although the district court adopted the conclusion that the remaining fees should be reduced by 10%, it declined to adopt the magistrate judge's reasonableness analysis, which led to the reduction.

## II. DISCUSSION

### A. Law-Of-The-Case Doctrine

As an initial matter, it is necessary that we determine whether our review of the Appellants' fee enhancement request is barred by the law-of-the-case doctrine.

The City argues that in the preceding appeal, this court's opinion affirming the denial of Appellants' 10% fee enhancement request in their first motion for attorneys' fees constitutes the law of the case and precludes our review. "Under the law of the case doctrine, findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation." *Dixie Fuel Co., LLC v. Dir., Office of Workers' Comp. Programs*, 820 F.3d 833, 843 (6th Cir. 2016). However, "this doctrine is intended to enforce a district court's adherence to an appellate court's judgment, and so is applied only loosely when we reconsider our own decisions." *Miller v. Maddox*, 866 F.3d 386, 390 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 2622 (2018); *see also McKenzie v. BellSouth Telecomms., Inc*., 219 F.3d 508, 513 n.3 (6th Cir. 2000) (explaining the law-of-the-case doctrine is directed to a court's common sense and is not an inexorable command) (citations and internal quotation marks omitted). Given this flexibility, "we may consider issues not expressly or impliedly decided by the previous opinion." *Miller*, 866 F.3d at 390.

Although the fee enhancement issue was brought before this court, our decision was limited in scope and did not address the arguments raised in Appellants' second supplemental motion for attorneys' fees and costs. Specifically, the decision did not address the impact of the City's bankruptcy, which served as the basis for the second fee enhancement request and this appeal. Therefore, in consideration of the flexibility surrounding the application of the law-of-the-case doctrine in this circuit, this issue is not barred from our review.

### B. Fee Enhancement

Appellants argue the district court abused its discretion in denying their request for a fee enhancement. We disagree.

"We review a district court's award of attorney fees under 42 U.S.C. § 1988 for an abuse of discretion." *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 618 (6th Cir. 2013) (citing *Reed v. Rhodes*, 179 F.3d 453, 469 n.2 (6th Cir. 1999)). An abuse of discretion occurs when the district court "relies upon clearly erroneous factual findings, applies the law improperly, or uses an erroneous legal standard." *Id.* (quoting *Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004)).

Under § 1988, a reasonable attorney fee is determined by calculating the "'lodestar,' which is the proven number of hours reasonably expended on a case by an attorney, multiplied by his court-ascertained reasonable hourly rate." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). After the lodestar is determined, the district court may enhance the fee. *Lavin v. Husted*, 764 F.3d 646, 650 (6th Cir. 2014). These adjustments may occur when the lodestar "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554.

When considering whether to adjust the lodestar, the Sixth Circuit has adopted the twelve factors announced in *Johnson v. Georgia Highway Express, Inc*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Reed*, 179 F.3d at 471 n.3. These factors include:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

"undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson*, 488 F.2d at 717–19).

Although the lodestar may be adjusted, the Supreme Court has consistently held that such adjustments should be made only under rare and exceptional circumstances. *Perdue*, 559 U.S. at 552; *see Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) ("Although upward adjustments of the lodestar figure are still permissible, . . . such modifications are proper only in 'rare' and 'exceptional' cases . . . ."); *Hensley*, 461 U.S. at 435 ("[I]ndeed in some cases of exceptional success an enhanced award may be justified."). The fee applicant seeking an enhancement bears the burden of proving "that such an adjustment is necessary to the determination of a reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 898 (1984).

Appellants allege that the district court abused its discretion in two ways. First, they argue that their request should have been granted because the City's bankruptcy constitutes an "exceptional" circumstance pursuant to *Perdue*. Second, they claim that an enhancement following the City's bankruptcy is necessary to achieve the purposes of § 1988. Neither argument persuades us that the district court abused its discretion in denying a 1000% fee enhancement request.

In *Perdue*, the Court enumerated three "rare and exceptional" circumstances that could warrant a fee enhancement: 1) when the lodestar "does not adequately measure the attorney's true market value, as demonstrated in part during litigation[,]" 2) when "the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted[,]" or 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." 559 U.S. at 555–56. In all circumstances, the party requesting the enhancement must produce "specific evidence that the lodestar fee would not have

been 'adequate to attract competent counsel.'" *Perdue*, 559 U.S. at 554 (quoting *Blum,* 465 U.S. at 897). At oral argument, Appellants clarified that their request falls under the third circumstance: exceptional delay in payment of fees.

While we are sympathetic to the delay and diminution of Appellants' attorneys' fees as a result of the municipal bankruptcy, we ultimately find that Appellants have not demonstrated that the district court's decision is inconsistent with *Perdue*. Appellants had the opportunity to challenge the confirmation plan directly with the bankruptcy court, but they decided instead to raise their grievance with the district court in the underlying case after the confirmation plan was finalized. What they ask for is an improper end-run around the bankruptcy court's final order. *See, e.g., Pratt v. Ventas, Inc.*, 365 F.3d 514, 519–20 (6th Cir. 2004) (recognizing that parties cannot "attempt to circumvent the . . . bankruptcy court's Confirmation Order" by filing a separate action in the district court). And what happens to the remaining unsecured, pre-petition claims subject to the confirmation plan if Appellants' claims are enhanced by a factor of ten? There are sure to be countless contractors, civil rights attorneys, and others who have meritorious claims subject to the confirmation plan, but their claims would only be further diminished by a substantial increase in the amount of Appellants' claims. *Cf. Nathanson v. N. L. R. B.*, 344 U.S. 25, 29 (1952) ("The theme of the Bankruptcy Act is 'equality of distribution' . . . and if one claimant is to be preferred over others, the purpose should be clear from the statute." (citation omitted)). Appellants should have raised their objections with the bankruptcy court in the first instance as that court is best positioned to justly administer the distribution of the City's assets. *Perdue* does not say otherwise. *See Lavin*, 764 F.3d at 650 (holding that the district court abused its discretion relying on several impermissible considerations in a fee determination).

Appellants' second argument also fails. "Section 1988 was enacted to insure that private citizens have a meaningful opportunity to vindicate their rights protected by the Civil Rights Acts." *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 559 (citing *Hensley*, 461 U.S. at 429). Appellants contend that failing to award a fee enhancement would result in "no capable attorney . . . undertak[ing] the representation of a meritorious civil rights claim involving a financially distressed municipality[,]" but they fail to substantiate this claim with "specific evidence." *Perdue*, 559 U.S. at 554. There are no surveys, affidavits, or statistics to buttress Appellants' vague forecast.

As this court has previously stated, "we review the lower court's decision for an *abuse of discretion*—to find reversible error in its determination that this case was not 'exceptional' would require a compelling factual situation not present here." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 622 (6th Cir. 2007) (emphasis in original). The Appellants have not demonstrated that the circumstances in this case were rare and exceptional. The district court therefore did not abuse its discretion in denying Appellants' fee enhancement request.

### III. CONCLUSION

For the reasons set forth above, the district court's denial of the fee enhancement request is **AFFIRMED**.