PETERSON, Judge.
John A. Anderson appeals an amended final judgment of foreclosure of a mortgage. The real property encumbered by the mortgage was owned by a general partnership which was not included as a party to the foreclosure. We vacate the judgment.
John Anderson, Robert Crawley, and Luis Villacres formed a general partnership, Triad Properties (Triad), on March 22, 1985, for the purpose, inter alia, of buying and selling real property. The percentages of initial investment and share of profit and loss in Triad were Anderson 40%, Crawley 20%, and Villacres 40%.
A parcel of real estate which had been purchased by Triad was titled in “Triad Properties, a General Partnership.” The mortgage upon which the instant foreclosure was initiated shows Triad as mortgagor of the parcel and was executed in the following manner:
TRIAD PROPERTIES
By Luis Villacres, General Partner
John Anderson, General Partner
Robert L. Crawley (no designation)
The promissory note secured by the mortgage was executed in the same manner except that Crawley was designated as a general partner. Neither the mortgage nor the note indicates the respective interest of each of the partners in Triad, and no requirement exists that such interests be shown.
This foreclosure is complicated by the fact that Luis Villacres, one of Triad’s general partners, not only executed the note and mortgage but also was named as a promisee in the note and as a mortgagee in the mortgage.
When Triad defaulted under the terms of the note and mortgage, a foreclosure complaint was filed by Villacres and two other co-holders of the note and mortgage, naming the three mortgagees as plaintiffs. The two defendants were “John A. Anderson and Robert L. Crawley, individually and as general partners of Triad Properties, a general partnership.” Neither Vil-lacres nor the partnership was named as a defendant. Anderson filed a motion to dismiss for failure to join Villacres as an indispensable party defendant, but this motion was denied. Crawley then filed an answer. Neither the motion nor the answer raised the issue of the plaintiffs’ failure to name Triad as the titleholder of the real property described in the mortgage.
*490 When the trial court denied the motion to dismiss, it asked the plaintiffs to file an amended complaint alleging Anderson’s and Crawley’s interests in the real property. The plaintiffs complied, alleging that Anderson and Crawley had undivided interests of 40% and 20%, respectively, in the real property pursuant to the terms of the partnership agreement. The plaintiffs further alleged that the named defendants were jointly and severally liable for payment of the entire indebtedness due under the promissory note secured by the mortgage. Review of the partnership agreement, however, shows that it provides for their respective interests in the “partnership” and not for an undivided interest in any specific partnership property. The agreement also provides that profits and losses are to be shared in accordance with the respective interests of the partners, and that the partners were to make future contributions in proportion to their respective interests for taxes, insurance, maintenance, and mortgage payments incurred with respect to any real estate purchased by the partnership. None of the documents contained in the record and reflecting the transaction prescribes the respective rights and liabilities of the parties resulting from the unusual circumstance of Villacres’ simultaneously being a co-creditor and a partner in the debtor/partnership.
Anderson’s answer to the foreclosure complaint admitted and denied various allegations of the complaint without asserting any affirmative defenses. Crawley’s attorney withdrew, and no response to the amended complaint was filed by Crawley. A final judgment of foreclosure was entered following the plaintiff’s motion for summary judgment, and a March 13, 1991, sale date was ordered. While the sale date was being advertised, Anderson moved to correct the judgment because of an incorrect interest calculation. On the date of the sale, the trial court entered an amended judgment changing the interest calculation and ordering the clerk to announce at the sale that only the 60% interest in the real estate owned by Anderson and Crawley was being offered. Although the sale took place, Anderson was successful in having it set aside on the grounds, inter alia, that section 45.031, Florida Statutes (1989), prohibits a sale within twenty days from the date of a final judgment. An amended final judgment was then entered, rescheduling the sale and adopting the previous instruction to announce at the sale that only a 60% interest in the real property was being offered. The plaintiffs again published the notice of sale in which the entire real property description was set forth. The notice made no reference to a partial interest being offered although the clerk announced at the sale that only a 60% interest was being sold. The sale was held, and the plaintiffs made the sole bid of $100.
Anderson complains that the trial court erred: first, by foreclosing the individual interests of partners in specific partnership property; second, by granting a judgment effectively ruling that Villacres had no obligation for the mortgage debt of the partnership because he was also a co-creditor; and, third, by allowing Villacres to escape partnership obligations and to realize profits at the expense of his partners. The first issue is dispositive of this appeal.
Implicit in the first issue is the omission of Triad as a party defendant to the foreclosure. We find it impossible to render a decision in this appeal without considering the absence from the litigation of the titleholder, Triad, of the real property described in the mortgage, complaint, final judgment, and notice of sale. Merely naming two of the three partners as defendants in the action has not affected the partnership’s interest in the title to the real property, except perhaps to the extent it clouds the title.
A partnership is an entity separate from its members. Century Bank of Lee County v. Gillespy, 399 So.2d 1109 (Fla. 5th DCA 1981). It may acquire title to real property in its name. § 620.595(3), Fla.Stat. (1989). It may also convey title by a conveyance executed by any partner in the partnership name. § 620.605(1), Fla. Stat. (1989). Judgment entered against a partner does not constitute a lien against *491 real property titled in the name of the partnership. Gillespy.
The rights of Anderson, Crawley, and Villacres, the partners in the encumbered real property, are described in section 620.68, Florida Statutes (1989). The section describes a partner’s rights with respect to specific partnership property. Nothing in the statute indicates that a partner enjoys an undivided interest in the title to real estate owned by the partnership. § 620.68, Fla.Stat. A partner’s interest in the partnership is his share of profits and surplus, and that interest is personal property. § 620.685, Fla.Stat. (1989). A partner’s right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. § 620.68(2)(c), Fla.Stat. (1989). The plaintiffs in this case were not given a security interest upon the partners’ respective interests in the partnership but were given a lien upon specific partnership property owned by the partnership. See § 620.695, Florida Statutes (1989), regarding judgment creditor’s remedy of obtaining a charging lien against a debtor/partner’s partnership interest. The attempted foreclosure of Anderson’s and Crawley’s nonexistent interests in the title to specific partnership real property accomplished nothing.
Even if the failure to join the partnership in the foreclosure action had not rendered the suit a virtual nullity, the attempted sale of a partial interest in the encumbered property was not advertised as a sale of a partial interest, discouraged potential bidders, and, perhaps most importantly, went against the intent of the parties’ loan agreement which was to have as security a full interest in the mortgaged property. While the complaint, final judgment, and notice of sale described the entire interest in the encumbered real property, the certificate of sale indicates that only a 60% interest was offered to the public and was purchased by the plaintiffs. A sale of only a partial interest in the real property without the agreement of the partnership/mortgagor has a depressing economic effect upon the value of the interest offered and discourages potential bidders at the clerk’s sale. It is doubtful that a sophisticated purchaser who was enticed to attend the sale by an advertisement describing the entire interest in the real property would submit a bid upon learning that, if successful, that purchaser would become a co-owner with a stranger. A sophisticated potential bidder might check the status of title before the sale, but might be discouraged from attending upon noticing that the amended final judgment of foreclosure allowed a sale of only a 60% interest. It was the entire interest in the real estate that the partnership contemplated as security, not a 60% interest. It was error to allow the sale to proceed with less than a 100% interest in the real property being offered by the clerk.
The judgment is vacated, and we remand for further proceedings consistent with this decision.
Judgment VACATED; REMANDED.
DAUKSCH and W. SHARP, JJ., concur.