[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16183
Non-Argument Calendar
_____

D. C. Docket No. 04-60789-CV-CMA
D.C. Docket No. 03-20062 BKC-PG

IN RE:

BFP INVESTMENTS, LTD.,

Debtor.

_____

LEO GREENFIELD,

Plaintiff-Appellant,

versus

BFP INVESTMENTS, LTD.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2005)

Before CARNES, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Leo Greenfield, proceeding pro se, appeals the bankruptcy court's order striking and disallowing his claim against debtor BFP Investments, Ltd. After review, we affirm.

## I. BACKGROUND

### A. The Debtor

BFP Investments, Ltd. ("BFP Limited") is a Florida limited partnership that owns multiple commercial condominium properties that operate as the Ocean Manor Hotel. On January 3, 2003, BFP Limited filed for Chapter 11 bankruptcy.

In its bankruptcy court filings, BFP Limited listed two entities as its owners: BFP Investments, Inc. ("BFP Incorporated"), as general partner, and Net Gates, Inc. ("Net Gates"), as limited partner. Also in its bankruptcy filings, BFP Limited listed plaintiff Leo Greenfield among those with unsecured, nonpriority claims against it. In that list, BFP Limited identified Greenfield's unsecured, nonpriority claims as contingent, unliquidated, disputed, and worth $1.00. Furthermore, BFP Limited listed Greenfield as a party to several lawsuits in which BFP Limited was also a party.

### B. Greenfield Files a Claim

On May 8, 2003, Greenfield filed a Proof of Claim for $4,208,348 against BFP Limited in the bankruptcy court. Greenfield based his bankruptcy claim on a 1997 state-court lawsuit in which he named thirteen defendants, including BFP Incorporated and Net Gates. However, BFP Limited was not named as a defendant in Greenfield's state-court lawsuit.

Furthermore, BFP Limited was not even formed at the time of Greenfield's 1997 lawsuit. Indeed, the actions and events that formed the basis of the lawsuit predated the formation of BFP Limited. While BFP Incorporated later became a general partner in BFP Limited, the 1997 lawsuit does not involve acts by BFP Limited or any acts of BFP Incorporated as a general partner or agent of BFP Limited.

On January 24, 2004, the state court entered judgment for $2,208,346.08 in favor of Greenfield against BFP Incorporated and Net Gates. Again, BFP Limited was not a party to, nor declared responsible for, the $2,208,346.08 judgment.

C.     The Bankruptcy Court and The District Court

On June 23, 2003, BFP Limited filed an objection to Greenfield's Proof of Claim. In its objection to Greenfield's bankruptcy claim, BFP Limited argued that Greenfield's bankruptcy claim should be disallowed because it related to events that occurred before it was formed and that it was not a party to Greenfield's state-

3

court litigation which formed the basis for his bankruptcy claim.

On February 23, 2004, the bankruptcy court struck and disallowed Greenfield's claim against BFP Limited. Although the bankruptcy court heard oral argument on the issue, its written order is silent as to the basis for its decision that Greenfield's claim should be struck and disallowed. The bankruptcy court's order states in full:

> THIS MATTER came before the Court for hearing on February 23, 2004, on the Debtor's Memorandum in Support of Debtor's Objection to Claim No. 37 [f]iled by Leo Greenfield, and after notice to all interested parties, having reviewed the motion, with the testimony and argument presented and being otherwise duly advised by the parties, it is
> ORDERED AND ADJUDICATED that the Debtor's Objection to Claim No. 37 filed by Leo Greenfield is SUSTAINED, and it is
> ORDERED AND ADJUDICATED that Claim No.37 filed by Leo Greenfield is STRICKEN and DISALLOWED.

Because the bankruptcy court's order contained no findings of fact, the district court conducted a de novo review of the proceedings. The district court concluded that the bankruptcy court's order should be affirmed because Greenfield's Proof of Claim had failed to state a claim in bankruptcy against BFP Limited. Specifically, the district court concluded that Greenfield's

> 1997 state court civil action does not name BFP [Limited] as a defendant[,] it was commenced before BFP [Limited] was formed, and it deals with events and transactions that predate BFP [Limited]'s formation. Likewise, neither the state court complaint nor the judgment against BFP [Incorporated] and Net Gates indicates that Mr.

4

Greenfield has any claim against BFP [Limited].

Greenfield timely appeals the district court's order affirming the bankruptcy court's disallowance of his claim against BFP Limited.

## II. DISCUSSION

The sole issue on appeal is whether Greenfield has a claim in bankruptcy against BFP Limited. If he does, then the bankruptcy court erred in striking and disallowing Greenfield's claim. If he does not have a claim in bankruptcy against BFP Limited, then the bankruptcy court's decision must be affirmed.[1]

The bankruptcy code defines a "claim" as a:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

As the United States Supreme Court has acknowledged, "Congress has generally left the determination of property rights in the assets of a bankrupt's

---

[1]"We review de novo the determinations of law by the bankruptcy court and district court, whether decided initially or in the district court's appellate capacity. We defer to the factual determinations by the bankruptcy court unless they are clearly erroneous." In re Davis, 314 F.3d 567, 570 (11th Cir. 2002) (citation omitted).

estate to state law." Butner v. United States, 440 U.S. 48, 54, 99 S. Ct. 914, 918 (1979). Therefore, we examine Florida law to determine whether Greenfield's interest in collecting his judgment against BFP Incorporated gives him any interest in the bankrupt estate of the partnership – BFP Limited.

In Florida, "[a] partnership is an entity distinct from its partners." Fla. Stat. Ann. § 620.8201(1). Therefore, "[j]udgment entered against a partner does not constitute a lien against real property titled in the name of the partnership." Anderson v. Potential Enters., Ltd., 596 So.2d 488, 490-91 (Fla. Dist. Ct. App. 1992) (citation omitted). Furthermore, "it is well established that a creditor of an individual partner cannot levy directly on a partner's interest in a partnership, nor on the partnership assets." Schiller v. Schiller, 625 So.2d 856, 859 (Fla. Dist. Ct. App. 1993).

The sole basis for Greenfield's purported interest in the bankruptcy estate of BFP Limited is his $2,208,346.08 judgment against BFP Incorporated and Net Gates. However, under Florida law, BFP Limited (the partnership) is a distinct entity from BFP Incorporated (the general partner), and Greenfield's judgment against BFP Incorporated does not constitute a lien against the property interest of BFP Limited. Further, under Florida law, the facts that Greenfield might be considered a creditor of BFP Incorporated and that BFP Incorporated is a general

6

partner in BFP Limited does not give him a right to payment from BFP Limited directly or the authority to levy directly on any of BFP Limited's assets in the bankruptcy estate.

Greenfield may, as he alleges in his brief, have a claim to the assets of BFP Incorporated. However, as explained above, BFP Incorporated's assets are distinct from BFP Limited's assets for the purposes of bankruptcy. Accordingly, the bankruptcy court properly struck and disallowed Greenfield's Proof of Claim against BFP Limited.

AFFIRMED.