[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16325
Non-Argument Calendar

_____

D. C. Docket No. 04-61030-CV-CMA

BFP INVESTMENTS, INC., a Florida corporation,
NETGATES, INC., a Delaware corporation,
WILLIAM G. BROWN, et al.,

                                                        Plaintiffs,

LEO GREENFIELD, a creditor and party in interest
on behalf of approximately 300
stockholders on Netgates, Inc.,

                                                        Plaintiff-Appellant,

versus

BFP INVESTMENTS LIMITED, a Florida limited
partnership,
SUSAN LASKY, et al.,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(October 14, 2005)**

Before ANDERSON, HULL  and WILSON , Circuit Judges.

PER CURIAM:

The district court granted defendants' motion to dismiss, concluding that Greenfield's action was untimely.  Greenfield appeals.  In January 2003, BFP Investments Limited ("BFP Limited") filed a petition for reorganization under chapter 11 of the bankruptcy code.  On August 5, 2003, a bankruptcy judge entered an order confirming BFP Limited's second amended plan of reorganization.  On August 4, 2004, Greenfield filed a "complaint" in the district court pursuant to Fed.R.Civ.P. 60(b) against BFP Limited, Susan Lasky, Jeffrey Gambino, and Barry Fernandez.  The defendants moved to dismiss the "complaint," alleging, inter alia, that it was untimely.  On November 9, 2004, the district court agreed and granted the defendants' motion to dismiss.

On appeal, Greenfield argues that the district court erroneously dismissed his "complaint" which sought to vacate the bankruptcy court's order of confirmation. He claims that the court failed to recognize that although Fed.R.Bankr. 9024

2

requires that an action to revoke a confirmation order be filed within 180 days as specified by 11 U.S.C. § 1144, where relief is sought under Rule 60(b) based on fraud of the court, the law does not impose time limits or limit the power of the court to consider independent actions to relieve a party from a judgment.[1] Greenfield argues that his Rule 60(b) motion alleged 29 acts of fraud perpetrated on the bankruptcy court, resulting in the defendants defrauding him and over 300 stockholders, investors, and officers of their cash and equity in real estate through the use of the Chapter 11 bankruptcy proceedings. Greenfield argues that these allegations of fraud under Rule 60(b)(6) constituted extraordinary grounds warranting revocation of the order of confirmation. He contends that the time limits provided in Bankruptcy Rule 9024 are not applicable to Rule 60(b)(6) complaints.

A motion to relieve a party from judgment is within the sound discretion of the district court. First Wisconsin Nat'l Bank of Milwaukee v. Grandlich Devt. Corp., 565 F.2d 879, 880 (5th Cir. 1978). Under Fed.R.Civ.P. 60(b) a court may relieve a party from a final judgment or order for, inter alia, "fraud . . ., misrepresentation, or other misconduct of an adverse party," or "any other reason

---

[1] Although Greenfield repeatedly cites to the rules as Fed.R.Civ.P. 60(b)(3)(6), it appears that he intends to refer to Rule 60(b)(6). Nevertheless, we discuss both Rule 60(b)(3) and Rule 60(b)(6) infra.

3

justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(3), (b)(6). Title 11 United States Code Section 1144 provides that "[o]n request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud." 11 U.S.C. § 1144; see also In re Orange Tree Assoc. Ltd., 961 F.2d 1445, 1447 (9th Cir. 1992) (requiring strict compliance with the 180-day time limitation for filing a complaint to revoke an order confirming a chapter 11 plan). Federal Rule of Bankruptcy Procedure 9024 further provides that "[r]ule 60 F.R.Civ.P. applies in cases under the Code except that . . . a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144." Fed.R.Bankr.P. 9024. Additionally, the Federal Rules of Civil Procedure apply to proceedings in bankruptcy only to the extent provided by the Federal Rules of Bankruptcy Procedure. Fed.R.Civ.P. 81(a)(1); see also Chrysler Financial Corp. v. Powe, 312 F.3d 1241, 1243 (11th Cir. 2002) (same). Rules of procedure may not modify substantive law. 28 U.S.C. § 2075.

Greenfield concedes that § 1144 and Federal Rule of Bankruptcy Procedure 9024 together require that an action to revoke a confirmation order be filed within the 180-day period specified in § 1144. Greenfield argues, however, that by filing a cause of action seeking relief directly under Federal Rule of Civil Procedure

4

60(b) his claim avoids the time provisions of § 1144 and Rule 9024. Greenfield offers no statutory language supporting his reading of the rules, and no such case law exists. The Advisory Committee Notes for Rule 9024 of the Federal Rules of Bankruptcy Procedure directly refute Greenfield's argument: "Clauses (2) and (3) of this rule make it clear that the time periods established by §§ 727(e), 1144 and 1330 of the [Federal] Code may *not be circumvented by the invocation of F.R.Civ.P. 60(b)*." Fed.R.Bankr.P. 9024 advisory committee's notes (emphasis added).

Because Greenfield's Rule 60(b) motion was not filed within 180 days of the entry of the confirmation order as required by Federal Rule of Bankruptcy Procedure 9024 and 11 U.S.C. § 1144, we affirm.

**AFFIRMED.**[2]

---

[2]Appellant's motion to strike portions of appellee's brief and for sanctions, and request for oral argument are denied.