[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10820
Non-Argument Calendar

_____

D. C. Docket Nos.
05-61156-CV-AJ
03-20062-BKC-PG

LEO GREENFIELD,

Plaintiff-Appellant,

versus

BFP INVESTMENTS LIMITED,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 19, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Leo Greenfield ("Greenfield"), proceeding pro se, appeals the district court's order affirming the bankruptcy court's order denying his second motion for rehearing. Because Greenfield has no legally cognizable interest in the outcome of this appeal, we affirm the district court and deny Greenfield's pending motions.

## I. BACKGROUND

Because this is Greenfield's third appeal in this Court, we first review the events that led to the two prior appeals.

### A. **Greenfield I**

Defendant-appellee BFP Investments Limited ("BFP Limited") is a Florida limited partnership that owned multiple commercial condominium properties. In January 2003, BFP Limited filed for Chapter 11 bankruptcy. In May 2003, Greenfield filed a proof of claim for approximately $4.2 million against BFP Limited in the bankruptcy court.

Greenfield's proof of claim was based on a 1997 state-court lawsuit in which he named thirteen defendants, including BFP Limited's two owners. BFP Limited was not named as a defendant in Greenfield's 1997 lawsuit; in fact, BFP Limited did not exist at the time of the 1997 lawsuit. In January 2004, the state court entered judgment in favor of Greenfield, for approximately $2.2 million. Again,

2

BFP Limited was not a party to, nor was it declared responsible for, the $2.2 million judgment.

In June 2003, BFP Limited filed an objection to Greenfield's bankruptcy claim. In February 2004, the bankruptcy court sustained BFP Limited's objection and struck and disallowed Greenfield's bankruptcy claim. Greenfield appealed and the district court affirmed the bankruptcy court's decision in October 2004. Greenfield appealed and this Court affirmed the district court's decision in August 2005. See Greenfield v. BFP Invs., Ltd. (In re BFP Invs., Ltd.), 149 Fed. Appx. 828 (11th Cir. 2005) (unpublished) ("Greenfield I"). The basis for this Court's decision in Greenfield I was that Greenfield had no valid claim in bankruptcy against BFP Limited.

## B.  Greenfield II

In August 2003, while BFP Limited's objection to Greenfield's bankruptcy claim was still pending before the bankruptcy court, the bankruptcy court entered an order confirming BFP Limited's second amended plan of reorganization. Then, in August 2004, while Greenfield's first appeal was pending before the district court, Greenfield filed a "complaint" directly with the district court, asking that court to vacate the bankruptcy court's order confirming BFP Limited's second

3

amended plan of reorganization.[1]  BFP Limited moved to dismiss, arguing that Greenfield's "complaint" was untimely, and the district court granted that motion in November 2004.  Greenfield appealed that decision to this Court as well, and we affirmed in October 2005.  See BFP Invs., Inc. v. BFP Invs., Ltd., 150 Fed. Appx. 978 (11th Cir. 2005) (unpublished) ("Greenfield II").

## C.  This appeal

In December 2004, while both Greenfield I and Greenfield II were pending before this Court, BFP Limited's bankruptcy trustee submitted a final report with a listing of payments and expenditures, along with a motion for a final decree.  On January 25, 2005, the bankruptcy court entered a final decree closing the bankruptcy case and discharged the bankruptcy trustee.

Greenfield did not appeal the final bankruptcy decree.  Instead, in February 2005, Greenfield filed a motion for rehearing.  The bankruptcy court denied the motion for rehearing on March 4, 2005.  Greenfield did not appeal from that order either.

However, on March 24, 2005, Greenfield filed a second motion for rehearing and reentry of the March 4 order, arguing that order had not been timely sent to him by opposing counsel, and as such, he was deprived of an opportunity to

---

[1]Greenfield's "complaint" was filed pursuant to Fed. R. Civ. P. 60(b), the rule governing motions for relief from judgments.

timely appeal. In April 2005, the bankruptcy court held a hearing on Greenfield's second motion for rehearing and reentry. On May 5, 2005, the bankruptcy court denied Greenfield's second motion for rehearing and reentry.

In July 2005, Greenfield appealed the May 5 order to the district court. On December 28, 2005, the district court affirmed the bankruptcy court's May 5 order that had denied Greenfield's second motion for rehearing and reentry. In affirming, the district court emphasized that Greenfield had failed to include a transcript of the April 2005 bankruptcy court hearing in the record. The district court also concluded that "even if the record were not deficient, affirmance would still be in order. Mr. Greenfield's brief fails to address whether the bankruptcy court abused its discretion in denying his second motion for rehearing." The district court explained that Greenfield's brief instead raised issues such as the dismissal of his second amended adversary complaint, the fraud and forgery allegations he made in that complaint, and the allegedly wrongful approval of BFP Limited's second amended plan of reorganization. The district court concluded that "[t]hose matters . . . have already been resolved adversely to Mr. Greenfield by the district court and by the Eleventh Circuit in Greenfield I and Greenfield II. The Eleventh Circuit decisions constitute claim preclusion on those matters." Greenfield now timely appeals the district court's December 28, 2005 order.

5

## II. DISCUSSION

On appeal, Greenfield is challenging the district court's December 28, 2005 order, which affirmed the bankruptcy court's May 5, 2005 order that had denied Greenfield's second motion for rehearing and reentry of the bankruptcy court's March 4, 2005 order. The March 4, 2005 order denied Greenfield's first motion for rehearing as to the final bankruptcy decree of January 25, 2005.

Greenfield's appeal has no merit. First, Greenfield's claims against BFP Limited's bankruptcy estate have already been fully litigated. In Greenfield I, decided in August 2005, we affirmed the bankruptcy court's order striking and disallowing Greenfield's proof of claim against BFP Limited. See Greenfield I, 149 Fed. Appx. at 830. In Greenfield II, decided in October 2005, we affirmed the district court's dismissal of Greenfield's "complaint" seeking to vacate BFP Limited's second amended plan of reorganization because the "complaint" was untimely. See Greenfield II, 150 Fed. Appx. at 979-80. In other words, while Greenfield has asserted several claims and appeals against BFP Limited in bankruptcy, those claims and appeals have been fully and finally resolved in BFP Limited's favor.

Second, Greenfield never actually appealed the bankruptcy court's decree finalizing the accounting of BFP Limited's estate and discharging the bankruptcy

trustee. Here, Greenfield merely appeals the district court's order affirming the bankruptcy court's May 5, 2005 order, which denied his second motion for rehearing and reentry of the bankruptcy court's March 4, 2005 order. Even if we were to permit Greenfield to appeal the March 4, 2005 order, he has no valid claim against the estate and therefore no legally cognizable interest in the final accounting of the estate. Thus, Greenfield lacks standing to challenge the final accounting of the estate.

Accordingly, for these reasons, we affirm the district court's December 28, 2005 order affirming the bankruptcy court's denial of Greenfield's second motion for rehearing and reentry. We deny all pending motions.[2]

**AFFIRMED; MOTIONS DENIED.**

---

[2]To the extent that Greenfield has filed both a motion for summary reversal and a separate motion for sanctions (even though Greenfield's "Motion for Sanctions" was construed by the Clerk of the Court as a motion for summary reversal based on BFP Investments Limited's failure to file a response brief), we deny both motions.