**In re BARON'S STORES, INC., Debtor.**

**No. 97–25645–BKC–PGH.**

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

May 14, 2008.

Arthur J. Morburger, Miami, FL, for Debtor.

## ORDER DENYING UNDERLYING RELIEF SOUGHT BY JOINT EMERGENCY MOTION TO REOPEN CASE AND PRO SE EMERGENCY MOTION TO REOPEN CASE

PAUL G. HYMAN, Chief Judge.

**THIS MATTER** came before the Court for pretrial conference on March 24, 2008 upon Baron's Stores, Inc. ("Baron's") and Norman Lansons's *Joint Emergency Motion to Reopen Case for Consideration of Newly Discovered Evidence of Attorneys' Fraud on the Court and to Void Liquidation Plan* ("Motion") (C.P. # 586), and upon Meryl Lanson's (collectively with Baron's and Norman Lanson, "Movants") *Pro Se Emergency Motion to Reopen Case for Consideration of Newly Discovered Evidence of Attorneys' Fraud on the Court* ("Pro Se Motion")(C.P. # 587).[1] Marc Cooper, Esq., Cooper and Wolfe, P.A., Ronald C. Kopplow, Esq., Kopplow and Flynn, P.A., Sonya Salkin, and Malnik and Salkin, P.A. (collectively "the Attorneys") filed a *Memorandum in Opposition* (C.P. # 599), a *Notice of Intent to Rely Upon Document* (C.P. # 600), and a *Surreply* (C.P. # 607). Movants filed a *Reply to Attorneys' Memorandum in Opposition* (C.P. # 602) and a *Response to Surreply and Attorneys' Notice of Intent to Rely Upon Document* (C.P. # 616).

## BACKGROUND AND PROCEDURAL POSTURE

On September 9, 1997, Baron's filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On November 16, 1998, Baron's and the Official Committee of Unsecured Creditors' Joint Amended Chapter 11 Plan (the "Amended Plan") was confirmed by the Court ("Confirmation Order") (C.P. # 263). On December 10, 1999, a Final Decree was entered and the case was closed.

On September 7, 1999, the Lansons filed a legal malpractice action against Kopplow and Cooper in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida based upon their representation in an accounting malpractice action against Baron's former accountants (the "State Malpractice Action"). In November 2001, the Lansons amended the State Malpractice Action to include Salkin who had represented Baron's in its Chapter 11 case. The Lansons alleged in the State Malpractice Action that the Attorneys committed fraud in this Bankruptcy Court in connection with Motions to Employ Special Counsel and Orders Employing Special Counsel. The presiding judge in the State Malpractice Action advised the Lansons to resolve the fraud on the Bankruptcy Court allegations with the Bankruptcy Court. Consequently, on March 11, 2005, the Lansons filed an *Emergency Motion to Reopen Case* (C.P. # 339), which was set for pretrial on April 4, 2005. On April 7, 2005, this Court entered an *Order Granting the Emergency Motion to Reopen* (C.P. # 347) for the purpose of adjudicating the merits of the claim that the Attorneys perpetrated a fraud upon the Court. Following a three-day evidentiary hearing, conducted January 29–31, 2007, the Court entered a *Memorandum Opinion Determining That Fraud Has Not Been Perpetrated Upon The Court* ("Order") (C.P. # 546). The Movants appealed

---

1. In addition, a *Notice of Joinder and Adoption* of the Motion and Pro Se Motion was

filed by five unsecured creditors (C.P. # 605).

the Court's Order. On January 7, 2008, United States District Court Judge Cecilia Altonaga entered an order affirming the Court's Order.

The Movants now ask the Court to reopen this case: 1) in order to consider "newly discovered" evidence as it relates to the credibility of the Attorneys' testimony at the fraud on the Court trial conducted January 29–31, 2007; 2) on the independent ground of a "newly discovered" fraud on the Court; and 3) on the independent ground that the Amended Plan is void for lack of consent by Baron's, which consequently deprived Baron's of due process. *Motion* at 9. The Court took this matter under advisement following the pretrial conference to determine whether it was appropriate to conduct an evidentiary hearing for the Movants to present "newly discovered" evidence of the Attorneys' alleged fraud upon the Court. Although the Movants asked the Court to reopen this case, the Court's review of the docket revealed that the case was not closed following the January 2007 trial. Thus on April 22, 2008, the Court entered an *Order Denying as Moot Motion to Reopen and Pro Se Motion to Reopen and Extending Deadline for Submissions,* wherein the Court denied as moot the request to reopen the case. The Court also granted the parties additional time to submit supplemental briefs and/or motions regarding the propriety of conducting an evidentiary hearing on the underlying relief sought by the Movants in the Motion to Reopen and the Pro Se Motion to Reopen. Supplemental briefs were filed by the Attorneys and Meryl Lanson pro se.

For the reasons set forth below, the Court concludes that the relief from final orders sought by the Movants is unavailable as a matter of law, and that an evidentiary hearing is unnecessary.

## MOVANT'S ARGUMENTS AND THE "NEWLY DISCOVERED" EVIDENCE

The gravamen of the Motion is that the Attorneys committed fraud by deleting an exculpation clause from the Amended Plan that had been included in the original Plan ("Plan") as Article XVI (the "Exculpation Clause"). The Movants maintain they did not discover that the Exculpation Clause had been deleted from the Amended Plan until approximately February 4, 2008, when the Attorneys filed a Motion for Summary Judgment with a copy of the Amended Plan attached as an exhibit in the State Malpractice Action. The Movants point out that the footer code on page 23 of the Amended Plan indicates that this signature page was printed on September 3, 1998, while the footer codes on pages 1–22 indicate that the rest of the Amended Plan was printed on September 4, 1998. (Movants' Ex. 10). Similarly, the footer codes on signature pages 24 and 25 of the Amended Disclosure Statement indicate that these pages were printed on September 3, 1998, while the footer codes on pages 1–25 indicate that the rest of the Amended Disclosure Statement was printed on September 4, 1998. (Movants' Ex. 11). In addition, signature pages 24 and 25 of the Amended Disclosure Statement are not consecutively paginated such that two different pages immediately preceding the signature pages are also assigned page numbers 24 and 25.

The Movants argue that the footer print date codes of the documents and the irregular pagination of the Amended Disclosure Statement, evidence that Salkin, perhaps with the knowledge and consent of Cooper and Kopplow, deliberately and surreptitiously deleted the Exculpation Clause from the Amended Plan in an attempt to avoid liability for their alleged malpractice. The Movants contend that the deleted Ex-

culpation Clause reserved rights to Baron's to prosecute claims for legal malpractice against the Attorneys. Furthermore, the Movants maintain that Baron's never consented to deletion of the Exculpation Clause. The Pro Se Motion additionally states that the Attorneys filed "bogus pleadings" (the Amended Plan and the Amended Disclosure Statement) in the Bankruptcy Court "which were altered and changed from the original document [sic] signed by Norman Lanson". Pro Se Motion at 1.

Based upon this "newly discovered" evidence of the Attorneys' alleged fraud, the Movants seek to "void" the Amended Plan for lack of consent by Baron's, to have the Court set aside the Order finding that the Attorneys had not committed fraud on the Court [2], and to determine that there has been a fraud perpetrated on the Court independent of the previously alleged fraud on the Court regarding alleged non-disclosure of connections by the Attorneys.

## CONCLUSIONS OF LAW

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A).

### II. DELETION OF THE EXCULPATION CLAUSE

■ The core of all of the Movants' arguments involves the deletion of the Exculpation Clause. The Exculpation Clause which was included in the original Plan but deleted from the Amended Plan states:

### ARTICLE XVI

### EXCULPATIONS

The Debtor, the Creditors Committee and each of their respective members, ex-officio members and any of their respective officers, directors, employees, agents, attorneys, accountants and other professionals in such capacities shall neither have nor incur any liability to the Debtor or to any holder of a Claim or Interest for any act or omission in connection with, or arising out of, the Debtor's bankruptcy case, the Plan, including without limitation, the negotiation, formulation, preparation, confirmation, or consummation of the Plan, the Disclosure Statement, any sale of assets pursuant to the Plan, or any contract, instrument, release or other agreement, document, or election made, created or entered into in connection with the Debtor's bankruptcy case, the Plan, any sale of assets pursuant to the Plan or the funds to be distributed under the Plan, and/or the administration of the Debtor's bankruptcy case *except, in such case on account of willful misconduct or gross negligence on the part of a specific person sought to be held so liable or cases of action commenced prior the Effective Date.*

Plan at p. 24 (Movants Ex. # 2)(emphasis added).

The central theme of the Movants's arguments is that the underlined portion of the Exculpation Clause is a reservation of rights clause, the removal of which caused the Movants harm. However, the Movants have not identified any cause of action that was released by deletion of the Exculpation Clause. A plain reading of the entire Exculpation Clause indicates that its deletion did not harm, restrict or release any claims. Indeed, the deletion of the Exculpation Clause has the opposite effect. The Exculpation Clause operates as a

---

**2.** The Motion asks the Court to as it relates to the credibility of day trial conducted in January 2007. Movants seek by asking the Court to the Court set aside the Order.

waiver and release for *all but* willful and intentional acts. In contrast, deletion of the Exculpation Clause from the Amended Plan means *all claims* are not released. Thus, deletion of the Exculpation Clause does not disadvantage the Movants. Indeed, the Movants are in a better position than they would have been had the Exculpation Clause been included in the confirmed Amended Plan.

The Court also notes that 11 U.S.C. § 1141(b) provides:

**Effect of Confirmation:**

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

11 U.S.C. § 1141(b).

Thus, unless otherwise provided for in the Amended Plan, causes of action belong to the estate were re-vested in Baron's upon confirmation. Generally, the purpose of including reservation of rights clauses in Chapter 11 plans is to avoid the effect of § 1141(b) so that property of the estate can be vested in parties other than the debtor such as, for example, a creditors' committee. A review of the confirmed Amended Plan indicates that it contained a reservation of rights clause. However, the Amended Plan's reservation of rights clause was not designed to avoid the effect of § 1141(b) because it reserved rights to the Debtor and the Estate. The reservation of rights clause states:

**ARTICLE XV**

**MISCELLANEOUS**

6. *Reservation of Rights.* Neither the filing of the Plan by the Debtor or

the Committee nor any statement or provision contained in the Plan, or the Disclosure Statement to accompany the Plan, shall be deemed a waiver of any rights, remedies, defenses or claims by the Debtor, or the Estate, and all such rights, remedies, defenses and claims are hereby specifically reserved.

Amended Plan, Art. XV, ¶ 6.

Accordingly, the reservation of rights clause did not alter the effect of § 1141(b) to statutorily re-vest any causes of action in Baron's. Nor did deletion of the Exculpation Clause alter the effect of § 1141(b) to statutorily re-vest any causes of action in Baron's. Had the Exculpation Clause been included in the Amended Plan, it would have limited the causes of action re-vested in Baron's. Removing the Exculpation Clause removed the limitation of claims re-vested in Baron's such that *all claims* were re-vested, not merely claims based upon willful and intentional actions.

Finally, the Court notes that the issue of whether Baron's ceased to exist, which was raised in the State Malpractice Action, is a separate issue unrelated to deletion of the Exculpation Clause from the Amended Plan.[3]

The Court concludes that rather than harming the Movants, deletion of the Exculpation Clause benefitted the Movants by eliminating provisions that could have protected the Attorneys and other specified parties if timely claims were lodged against them. As further discussed below, the Court finds that the Movants' arguments are without merit because they are built upon the Movants' incorrect interpretation of the consequences engendered by deletion of the Exculpation Clause.

---

3. By making this finding, the Court does not opine on the issue, raised in the State Malpractice Action, that the malpractice claim no longer exists under state law because Baron's no longer exists.

## III. RELIEF SOUGHT IS UNAVAILABLE AS A MATTER OF LAW

### A. Standing

 Movants argue that the Attorneys lack standing to oppose their motions. While the term "party in interest" is not defined in the Code, it "is well established that the term is 'to be construed broadly in order to allow parties affected by a Chapter 11 case to appear and be heard.'" *In re Tarrer*, 273 B.R. 724, 731 (Bankr. N.D.Ga.2001) (citations omitted). Thus, the issue presented is whether the Attorneys are parties in interest with standing to oppose the motions. If the Court were to conduct an evidentiary hearing, the Attorneys would be compelled to defend the allegations against them and to incur the cost of additional litigation. Therefore, the Court finds that the Attorneys are parties in interest with standing to oppose the motions.

### B. Federal Rule of Bankruptcy Procedure 9024

The Movants ultimately seek relief from final orders of this Court. "Federal courts ... long ago established the general rule that they would not alter or set aside their judgments after the expiration of the term at which the judgments were finally entered. This salutary general rule springs from the belief that in most instances society is best served by putting an end to litigation after a case has been tried and judgment entered...." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (*quoting Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)). However, along side the need for finality of judgments there has long been a rule of equity to the effect that under certain circumstances relief may be granted against judgments. *Id.* Federal Rule of Civil Procedure 60 sets forth the circumstances under which a Court may grant relief from a final judgment. The pertinent sections of Rule 60 provide:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

\* \* \*

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

\* \* \*

(4) the judgment is void;

\* \* \*

(6) any other reason that justifies relief.

(c) **Timing and Effect of the Motion.**

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

\* \* \*

(d) **Other Powers to Grant Relief.** This rule does not limit a court's power to:

\* \* \*

(3) set aside a judgment for fraud on the court.

Fed.R.Civ.P. 60(b)-(d) [4].

Federal Rule of Bankruptcy Procedure 9024 makes Federal Rule of Civil Procedure 60 applicable in bankruptcy proceedings with three limitations. The pertinent limitation for this matter states that although Rule 60 is applicable in bankruptcy proceedings:

> (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

Fed. R. Bankr.P. 9024.

As more fully discussed below, the Court finds that as a matter of law, the Movants failed to establish the requirements for relief from this Court's final orders.

## C. Newly Discovered Evidence Affecting Attorneys' Credibility

■ Movants assert that newly discovered evidence of the surreptitious deletion of the Exculpation Clause damages the credibility of the Attorneys' testimony at the January 2007 trial, and therefore the Movants are entitled to Rule 60(b)(2) relief from the Court's Order. The Eleventh Circuit has stated the test for Rule 60(b)(2) relief as follows:

> For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new

trial would probably produce a new result.

*Waddell v. Hendry County Sheriff's Office,* 329 F.3d 1300, 1309 (11th Cir.2003).

■ The Movants claim they did not discover that the Exculpation Clause had been deleted from the Amended Plan until the Attorneys filed a Motion for Summary Judgment in the State Malpractice Action in February 2008. However, the Court notes that the Amended Plan was filed in this bankruptcy proceeding on September 11, 1998. Therefore, the Amended Plan is a matter of public record. The Eleventh Circuit has determined that "[e]vidence that is contained in the public records at the time of trial cannot be considered newly discovered evidence." *Scutieri v. Paige,* 808 F.2d 785, 794 (11th Cir.1987). Therefore as a matter of law, the evidence relied upon by the Movants, deletion of the Exculpation Clause from the Amended Plan, is not evidence that can be considered newly discovered since the trial. Nor can it be said that the Movants exercised due diligence to discover this evidence. Notwithstanding that the Movants suffered no detriment by deletion of the Exculpation Clause, Movants' contention that they could not have discovered its deletion with reasonable diligence until the Motion for Summary Judgment was filed in State Court is unpersuasive, especially given Movants' assertion that they relied upon the rights reserved under the Exculpation Clause to prosecute the State Malpractice Action they commenced in 1999. The Movants fail to show why this evidence could not have been discovered with due diligence prior to the January 2007 trial. *See Liberty Mut. Ins. Co. v. FAG Bear-*

---

**4.** The 2007 Amendments to the Federal Rules of Civil Procedure became effective December 1, 2007. The Advisory Committee's Note states that "[t]he language of Rule 60 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Fed. R. Civ. P. 60 advisory committee's note.

*ings Corp.*, 153 F.3d 919, 924 (8th Cir. 1998) ("FAG merely asserts that such new evidence was discovered in another action against FAG....However, FAG fails to show why such evidence could not have been discovered earlier with due diligence"). In addition, Rule 60(b)(2) requires that the evidence not be merely cumulative or impeaching. However, the Movants offer this evidence precisely for the purpose of impeaching the Attorneys' testimony at trial. Finally, the newly discovered evidence must be material and such that a new trial would probably produce a new result. Had evidence of the deletion of the Exculpation Clause been introduced at the fraud on the court trial, it would not have produced a different result.

■ A motion for Rule 60(b)(2) relief "is an extraordinary motion and the requirements of the rule must be strictly met." *Waddell v. Hendry County Sheriff's Office,* 329 F.3d at 1309 (citations omitted). The Movants have not established any of the five elements necessary for Rule 60(b)(2) relief. Accordingly, the relief requested is unavailable as a matter of law.[5]

### D. Voiding the Amended Plan

■ Federal Rule of Bankruptcy Procedure 9024, which makes Federal Rule of Civil Procedure 60 applicable in bankruptcy proceedings, expressly limits the time to seek revocation of an order confirming a Chapter 11 plan to the time allowed by § 1144. Fed. R. Bankr.P. 9024.

Section 1144 "Revocation of an order of confirmation" provides in pertinent part:

On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud.

11 U.S.C. § 1144.

Thus, a request to revoke a Chapter 11 plan may only be made within 180 days of the order confirming the plan, and then only if the order was procured by fraud.

■ Notwithstanding the 180–day time limitation of § 1144 and Rule 9024, Movants argue that they are entitled to Rule 60(b)(4) relief on the basis that the Amended Plan is void for lack of Baron's consent which they contend deprived Baron's of due process. The Movants rely upon *In re Rideout,* 86 B.R. 523 (Bankr.N.D.Ohio 1988), to draw a distinction between "voiding" a plan pursuant to Rule 60(b)(4) and "revoking" a plan pursuant to 11 U.S.C. § 1144. Rule 60(b)(4) permits a Court to grant relief from a final judgment if the judgment is void. Fed.R.Civ.P. 60(b)(4). "Generally, a judgment is void under Rule 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.' " *Burke v. Smith,* 252 F.3d 1260, 1263 (11th Cir.2001) (citations omitted). The Movants assert that the Confirmation Order is void because Baron's did not consent to the Amended Plan and therefore, like the creditors in *Rideout,* Baron's was denied due process. However, the Movants' reliance on *Rideout* is misplaced. In *Rideout,* the court found that the confirmation order deprived a creditor of property rights without notice and an opportunity to be heard. *Rideout,* 86 B.R. at 530. The *Rideout* court also determined that the confirmation order was void because the appeal of the District Court's Order affirming the Order finding the Attorneys had not perpetrated a fraud upon the Court.

---

5. Because the Court has not reconsidered its Order, the Court need not reach the issue raised by the Attorneys regarding the affect on the Court's jurisdiction of the Movants'

court did not have jurisdiction over the parties whose rights were adjudicated. *Id.* The *Rideout* debtors had argued that in the absence of allegations of fraud there was no basis under § 1144 for the court to set aside the confirmation order. *Id.* at 529. The *Rideout* court rejected this argument and voided the order and reset the confirmation hearing pursuant to Rule 60(b)(4). By voiding the confirmation order, the *Rideout* court addressed both the rights of the unnoticed creditor and the concern that the debtor would not be able to successfully reorganize if the quarter million dollars of debt owed to the creditor was not discharged. *Id.* at 529–530. The *Rideout* court attached importance to the fact that the movant "brought the matter before the court promptly, thereby minimizing the creditors' reliance on the confirmed plan." *Id.* at 530. Bankruptcy Rule 9024 incorporates § 1144's 180–day time limit for a party to seek relief from an order confirming a Chapter 11 Plan. Unlike this case, the time limitation was not an issue in *Rideout* because the creditor sought relief promptly after entry of the confirmation order. Furthermore, unlike the creditor in *Rideout,* the Movants received notice of the Amended Plan, and thus they were not consequently denied due process. Moreover, removal of the Exculpation Clause did not adversely affect their rights.

▮ Under the facts of this matter, the distinction between "voiding" a plan and "revoking" a plan is a distinction without a difference. *In re Logan Place Properties, Ltd.,* 327 B.R. 811, 813 n. 1 (Bankr. S.D.Tex.2005). Section 1144 provides a 180-day time limit for a party to seek revocation of a confirmed plan. This time limit may not be circumvented by invocation of Rule 60. Fed. R. Bankr.P. 9024 advisory committee's notes. *See also In re BFP Investments, Inc.,* 150 Fed.Appx. 978,

979 (11th Cir.2005). The 180–day time limit is strictly enforced. *In re Vencor, Inc.,* 284 B.R. 79, 83 (Bankr.D.Del.2002). *See also In re Orange Tree Assoc., Ltd.,* 961 F.2d 1445, 1447 (9th Cir.1992) ("Congress has determined that a 180–day limitations period strikes the appropriate balance between the strong need for finality in reorganization plans and the interest in affording parties in interest a reasonable opportunity to discover and assert fraud. In recognition of the strength of the interest in finality of reorganization plans, courts have held uniformly that strict compliance with section 1144 is a prerequisite to relief."); *In re California Litfunding,* 360 B.R. 310, 317 (Bankr.C.D.Cal.2007) ("The expiration of the limitation period bars a motion to set aside confirmation of a plan of reorganization even if the fraud is not discovered until the period has passed.")

The Court entered the Confirmation Order affirming the Amended Plan on November 16, 1998. The 180–day time limit expired nine years ago on May 15, 1999, at which time the Confirmation Order became irrevocable as a matter of law.

Movants also attempt to circumvent the time limit of § 1144 by characterizing their request to void the plan as an independent action. This argument is also unavailing. *See In re California Litfunding,* 360 B.R. at 317–318 ("creditors may not attack confirmation orders by simply characterizing their attempt as an independent cause of action rather than a motion to revoke the order").

Having determined that after nine years the Confirmation Order is an irrevocable order, the Court reiterates that deletion of the Exculpation Clause from the Amended Plan did not adversely affect the Movants because it did not harm, restrict or release any claims they may have had against the Attorneys. The Court concludes that the

relief sought to void the Amended Plan is time barred, and therefore unavailable as a matter of law.

### E. Different Fraud Upon the Court Allegations

██ Lastly, the Movants allege that a fraud was perpetrated on the Court because it was represented to the Court that Baron's consented to the Amended Plan, when in fact it did not. Movants maintain that this fraud upon the Court is different than the fraud upon the Court allegations of the Attorneys' failure to disclose connections that were the subject of the three-day January 2007 trial. The Court does not reach the issues of res judicata and collateral estoppel raised by the Attorneys because even if true, the allegations do not evidence that a fraud has been perpetrated on the Court.

██ The Court noted in its April 12, 2007 Order [6] that:

" '[F]raud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter." Fraud on the court is an "intentional deflecting of the Court from knowing all the facts necessary to make an appropriate judicial decision on the matter before it."

*Pearson v. First NH Mortgage Corp.*, 200 F.3d 30, 37 (1st Cir.1999).

Inclusion of the Exculpation Clause in the Amended Plan would not have benefited Baron's.[7] Thus, the Court finds that even if Baron's did not consent to deletion of the Exculpation Clause from the Amended Plan as alleged, the deletion did not set in motion an unconscionable scheme calculated to interfere with the Court's ability to impartially adjudicate the matter of confirmation of the Amended Plan. The only parties potentially harmed by removal of the Exculpation Clause were the Attorneys. Based upon the Court's finding that deletion of the Exculpation Clause benefitted Baron's, the allegations regarding deletion of the Exculpation Clause cannot, as a matter of law, serve as a basis to grant the relief sought herein.

██ The Movants also quote, in part, the Court's Order to support their argument that the Attorneys' perpetrated a fraud upon the Court by allegedly fabricating evidence: "Generally speaking, only the most egregious conduct, such as ... the fabrication of evidence ... in which an attorney is implicated, will constitute fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978). In *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), the seminal case involving fabrication of evidence, the Supreme Court found that an attorney was a direct participant in a deliberate plan conceived for the purpose of defrauding the opposing party, the patent office, and the Court of Appeals. *Securities & Exch. Comm'n v. ESM Group. Inc.*, 835 F.2d 270, 274 (11th Cir.1988). The *Hazel–Atlas Glass* offending attorney had fabricated an article extolling the virtues of a patented process,

---

6. The Court refers the parties to its April 12, 2007 Order wherein the Court discussed at length the law of fraud upon the Court. *See In re Baron's Stores, Inc.*, 2007 WL 1120296 (Bankr.S.D.Fla.2007).

7. The Court notes that the Attorneys filed a Notice of Intent to Rely Upon Document, i.e., a proposed Objection to the Plan by the United States Trustee. The Court has not considered this unauthenticated document in making its ruling. However, the Court does note that plans containing exculpation clauses are generally not confirmable by this Court.

and then relied on the article as authority in a patent infringement action. *Id.* Even if evidence of Baron's consent to the Amended Plan was fabricated as alleged, the Movants have not demonstrated how they were harmed by deletion of the Exculpation Clause. If anything, the deletion of the Exculpation Clause removed protections that might otherwise have protected the Attorneys. The Court finds no manifest injustice or fraud upon the Court caused by deletion of the Exculpation Clause from the Amended Plan.

## CONCLUSION

For the reasons stated above, the Court finds that it is unnecessary to conduct an evidentiary hearing because the ultimate relief sought by the Movants is unavailable as a matter of law.

## ORDER

The Court, having considered the arguments of the parties, the submissions of the parties, the applicable law, and being otherwise fully advised in the premises, hereby

**ORDERS AND ADJUDGES** that:

1. The underlying relief sought in the Motion is **DENIED.**

2. The underlying relief sought in the Pro Se Motion is **DENIED.**